# BLAIR *v.* UNITED STATES EX REL. HELLMANN.

---

SCHOOLS; MANDAMUS.

Under the act of Congress of June 20, 1906 (34 Stat. at L. 316, chap. 3446,

---

Note.—For a review of the cases on the question of marriage as ground for nonappointment or dismissal of teacher, see note in L.R.A.1916C, 795.

As to mandamus to compel reinstatement of a teacher, see note in 49 L.R.A.(N.S.) 62.

sec. 2), relating to the public schools of the District of Columbia, no teacher can be dismissed except upon the recommendation of the superintendent of schools, and therefore a rule of the board of education is invalid which provides that, should a female teacher marry, her place shall thereupon become vacant; and mandamus will lie in behalf of a female teacher concerning whose efficiency there is no question, but who, while a teacher, married, and who was thereupon dropped from the rolls in conformity to such rule, against the members of the board of education to compel them to restore her to her position.   (Distinguishing *United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311.)

No. 2921.   Submitted May 1, 1916.   Decided June 1, 1916.

HEARING on an appeal by the respondents from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to an answer to a petition for the writ of mandamus and granting the writ.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The relator, Gladys Aline Strong Hellmann, filed a petition against Henry P. Blair, Ernest H. Daniel, John B. Larner, Susie Root Rhodes et al., composing the board of education of the District of Columbia.

The petition alleges that in September, 1911, the relator was assigned by the board of education to teach in the first grade in the Grant School, and so continued to teach in said position in the school years of 1912 to 1913 and 1913 to 1914; that her work was satisfactory and she therefore became entitled to receive, pursuant to section 6 of said organic law, and did receive, an annual increase of salary within said class 2, without action of the said board of education.

That relator's work as a teacher continued to be satisfactory until she was denied the right to continue to teach as is hereinafter alleged, and she is advised that unless promoted, transferred, or dismissed by the said board of education in accordance with law, she was entitled to continue in her position as teacher and to receive her annual increase in salary during the present

school year, that is to say, during the school year of 1914 to 1915, and hereafter.

That about the 15th day of July, 1914, the relator married Carl A. Hellmann, a resident of the District of Columbia.

Relator is informed and avers that the said board of education, being vested with the power by the said organic law to determine all questions of general policy relating to the schools, has determined that it is to the interest of the public schools to employ and retain as teachers in the graded and high schools of the District of Columbia married women, and the said board of education has adopted and adheres to the policy of employing and retaining as such teachers married women, and in accordance with said policy there were at all the times mentioned herein, and are now, employed as such teachers by and with the approval of the said board of education, a number of married women, as well as unmarried women and married and unmarried men.

Nevertheless, and in spite of said determination, there is, among the rules heretofore adopted by the board of education and now existing, the following paragraph known as rule 45: "Should a female teacher marry, her place shall thereupon become vacant, provided, however, that when the marriage does not take place until after the last regular school day in June, she shall be paid her full salary for the month of June."

Relator further says rule 45, relating to married women as teachers in the schools, is an unwarranted and arbitrary rule, inconsistent with the policy of said board, and discriminates against relator and in favor of other married women teachers who are still permitted to teach in public schools. Relator therefore says that said rule is beyond the authority of the said board, is unreasonable, unjust, and null and void.

She further says that rule 45, in that it provides for the automatic removal of a female teacher who shall marry, is contrary to the said organic law, which contemplates removals of teachers only by the affirmative action of the board of education, either upon the written recommendation of the superin-

tendent of schools for academic or pedagogic unfitness, or, after trial, for misconduct or dereliction of duty, and is therefore null and void.

That about the 13th of September, 1914, relator sent a letter to the board of education, informing them of her marriage, and requesting that the said rule be reconsidered or amended in order that it might constitute no bar to the continuation of relator in her position as teacher.

Relator is informed and believes and avers that at a meeting of the board of education held on the 18th day of September, 1914, the superintendent of schools recommended that the resignation of the relator be accepted, thereby assuming or expressly stating that a resignation had been tendered by the relator. She avers, however, that she did not and has not resigned or tendered her resignation as a teacher to any person whatsoever. The board of education at said meeting adopted the said recommendation of the superintendent, thereby accepting the supposed resignation of the relator, and the relator was thereupon informed by the board that her resignation had been accepted.

Relator is informed and believes that at the said meeting of the board of education held on the 18th day of September, 1914, the receipt of the aforesaid communication of the relator under date of September 13 was announced to the board, and that it was thereupon referred to the committee of the said board on elementary schools and to the superintendent.

Relator avers that at a meeting of the said board of education, held on October 19, 1914, the said committee on elementary schools reported to the board that it regretted it was unable to comply with the wish of the relator in view of the said rule 45 of the board of education; and the board thereupon directed that the relator be informed of the said conclusion of the committee, and directed further that the communication of the relator to the board under date of September 13, 1914, be placed with the committee of the board of education on rules and by-laws.

Relator is informed and therefore avers that at a meeting of the board of education held on the 17th day of March, 1915, the said committee on rules and by-laws reported to the board upon the said communication of September 13, 1914, as follows: "Your committee on rules, to whom has been referred the application of Mrs. Gladys Aline Strong Hellmann for reinstatement, begs leave to report that they have given full and careful consideration to the questions involved, and after hearing the argument presented by counsel for Mrs. Hellmann, and considering the communications referred to the committee, are of the opinion that her application should be denied and that rule 45 should not be amended." Said report was adopted.

That at the opening of the public schools for the year 1914 to 1915 the relator reported for duty, in accordance with the custom and practice in the said schools, in the building wherein she had taught during the preceding year, but was by order of the respondents denied the right to teach; that at all times during the said school year the relator has been and is now ready and willing and desirous of performing the duties of her position as teacher as aforesaid, and the board of education and the superintendent of schools have been and are well aware of said fact; yet the said board of education and the superintendent have repeatedly informed the relator that the board of education consider that the relator is no longer a teacher, but that she was finally separated from her position as of June 30, 1914.

That relator has since the date of her original appointment on April 16, 1911, possessed and still possesses all the academic and pedagogic qualifications to teach in the position to which she claims to be entitled; that the superintendent of schools has made no recommendation with reference to the relator other than that hereinbefore set forth; that she has not been guilty of misconduct or dereliction of duty warranting her dismissal as a teacher of public schools, and no such charges have ever been brought against her.

The petitioner avers that she has not been regularly promoted,

transferred, nor dismissed in accordance with law, and that the facts hereinbefore set out do not operate legally to separate her from her position in the public schools; that she cannot legally be separated from her position except by her resignation or abandonment thereof, or by the affirmative action of the board of education, either upon the recommendation of the superintendent because of academic or pedagogic unfitness, or, after trial, because of misconduct or neglect of duty; and that said rule 45 is inoperative to remove her.

She prays that a writ of mandamus issue to the respondents, and each of them, commanding them to restore the relator to her position as teacher as aforesaid, and to all the rights, duties, privileges, and emoluments to the same appertaining, as the same were had and enjoyed by the relator on June 30, 1914, with the increase of salary thereafter provided by law.

Return was made to the rule by defendants May 29, 1915.

They admit that the relator's work as a teacher was and continued to be satisfactory until the termination of her connection with the schools as hereinbefore set out.

They say that married and unmarried men and women are now and have been for many years employed as teachers in the public school system of the District; that there is nothing in the rules and regulations adopted by the board which precludes a married woman or a married man from taking an examination, at any time, to determine his or her fitness to teach in the public schools, and they have been upon the same footing, in that respect, as unmarried men and women. Respondents know of no regulation which would prevent the relator from taking such an examination, and, if found qualified, from being reappointed upon the staff of teachers.

The plaintiff knew of the rule 45, and the same became part of her contract with the District of Columbia, and that she was liable to an automatic severance of her connection with the public schools immediately upon her marriage.

They admit that the superintendent of schools recommended that the resignation of the relator be accepted and that the board

accepted the said resignation. They deny that the relator did not resign as a teacher, but on the contrary they aver that a letter of the relator set out in her petition was in effect a resignation and a request for reinstatement, and that the said resignation was accepted and the request for reinstatement refused. Respondents further say that whether the said letter should be regarded as a resignation or not, the relator was already removed from her position as a teacher in the public schools by the automatic operation of said rule 45.

They admit that the relator possessed and still possesses all of the academic and pedagogical qualifications to teach in the position to which she claims to be entitled. They further admit that the superintendent of schools made no recommendation in respect to the relator other than that set forth in said petition and hereinbefore, and they aver that the relator was dismissed from the public school system by the automatic operation of said rule 45.

They deny that she has not been dismissed in accordance with law.

Demurrer was filed to the answer, and, the case having been heard, the prayer of the petitioner was granted and the writ of mandamus ordered to issue. From this the defendants have appealed.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellants:

Rule 45 was in existence for twenty years before the relator was appointed. She knew of the existence of the rule and made no objections to it. She acquiesced in its expediency; but now that it is to operate against her, she raises the question of its legality. It was a condition of her contract and she cannot be heard now to complain of it. The courts of the country, generally, have taken the position that contracts reserving the right on the part of boards of education to dismiss should be upheld. *School Directors* v. *Ewing,* 26 Ill. App.

379; *School Dist.* v. *Colvin,* 10 Kan. 283; *Armstrong* v. *Union School,* 28 Kan. 345; *Brown* v. *School Dist.* 1 Kan. App. 530; *Richardson* v. *School Dist.* 38 Vt. 602; *Olney School* v. *Christy,* 81 Ill. App. 304; *School Dist.* v. *Gautier,* 13 Okla. 194, 73 Pac. 954; *Board of Education* v. *Stotlar,* 95 Ill. App. 250; *Robinson* v. *School Dist.* 96 Ill. App. 604; *Freeman* v. *Browne,* 170 Mass. 289, 39 L.R.A. 510; *Weatherby* v. *Chattanooga,* 48 S. W. 136; *McLellan* v. *St. Louis Board,* 15 Mo. App. 312; *Guilford School Twp.* v. *Roberts,* 28 Ind. App. 355; 35 Cyc. 1077, 1086, 1087, 1090; 25 Am. & Eng. Enc. Law, 17.

*Mr. Paul E. Lesh* and *Messrs. Wilson, Huidekoper, & Lesh,* for the appellee, in their brief cited:

*District of Columbia* v. *Dean,* 38 App. D. C. 183; same case in lower court, 39 W. L. R. 603; *Guilford Twp.* v. *Roberts,* 28 Ind. App. 355; *People ex rel. Murphy* v. *Maxwell,* 177 N. Y. 494; same case in lower court, 87 App. Div. 131; *People ex rel. Ray* v. *Davenport,* 2 How. Pr. N. S. 17; *Richards* v. *District School Bd.* 153 Pac. 482; *Thompson* v. *Gibbs,* 97 Tenn. 489, 34 L.R.A. 548; *United States ex rel. Cardoza* v. *Baird,* 35 W. L. R. 15; *United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311; same case in lower court, 35 W. L. R. 371; *Weatherby* v. *Chattanooga,* 48 S. W. 136.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The act of 1906, relating to the public schools of the District of Columbia, in section 2 provides that no appointment or dismissal of any teacher shall be made by the board of education except upon the written recommendation of the superintendent of schools. Section 4 provides that the salaries of teachers shall be as follows. Then follows provisions for six general classes with salary grades. Section 6 provides that the board of education shall arrange all teachers in the classes and groups in the

above schedule. It is further provided that for the year ending June 30, 1907, each head of department and teacher, if his work is satisfactory, shall receive an annual increase without action of the board of education.

These provisions show a clear intent to continue the teaching force of the public schools by an indefinite tenure, so long as the work of the teacher is satisfactory, giving annual longevity increases without action of the board of education, and until the teacher, unless she left voluntarily, should be removed upon the written recommendation of the superintendent of schools in accordance with section 2 of the act.

The act expressly provides, as we have shown that no appointment or dismissal of a teacher shall be made except by the recommendation of the superintendent of schools.

The petitioner had been duly appointed, and the answer admits that relator at the time of her dismissal possessed and still possesses all the academic and pedagogical qualifications to teach in the position to which she claims to be entitled. The power to dismiss a teacher for inefficiency upon the recommendation of the superintendent has been heretofore upheld. *United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311.

But there is no such question involved in this case. The efficiency of the teacher is expressly admitted.

If a teacher becomes inefficient, or fails to perform a duty, or does some act which of itself impairs usefulness, then a good or reasonable cause for dismissal would exist. It is, however, unnecessary to pass upon the reasonableness or unreasonableness of rule 45, because in the view that we have taken the statute provides that teachers shall be dismissed upon the recommendation of the superintendent of schools. Inasmuch as rule 45 provides for the automatic dismissal of teachers without respect to the procedure provided in the statute, it is in that respect inconsistent with the statute, and therefore void.

The view we have taken of the want of power to remove relator in this case is sustained by the court of appeals of New York in a case arising under an analogous statute and a similar

rule. *People ex rel. Murphy* v. *Maxwell,* 177 N. Y. 494, 69 N. E. 1092.

We are of opinion that the trial court was right in sustaining the petition and ordering the writ of mandamus to issue, and the judgment is therefore affirmed, with costs.          *Affirmed.*